## John H. Robertson, *et al.*, v. J. M. Bell.

Fence Viewers; *Award Obtained by Fraud; Action.* Where R. and B. own adjoining lands and agree upon the amount and the particular portion of the partition fence which each shall keep up and maintain, and R., in pursuance of such agreement, expends time, labor and money in keeping up and maintaining for a considerable time his portion of the partition fence, it is then a fraud upon R. for B. to procure an award of the fence viewers assigning to R. another and an additional portion of the fence to keep up and maintain; and as R. has no appeal from the award of the fence viewers, and no petition in error, and no remedy more direct than an action in the nature of a suit in equity to set aside the award of the fence viewers, *held*, that R. may maintain such action.

*Error from Brown District Court.*

The plaintiffs' petition reads as follows:

"The plaintiffs, complaining of the defendant, allege that they are and for the last five years and more have been husband and wife; that about five years ago the plaintiff, John

H. Robertson, became the owner of the west half of the southeast quarter of section 8, town 4, range 17, in Brown county, Kansas, and has ever since been such owner, except that on or about the 22d day of December, 1882, he deeded to his wife, Mrs. A. M. Robertson, the other plaintiff in this action, the north half of the west half of said southeast quarter, being forty acres, and that the plaintiff has been in possession and had control of all of the described land from the time he became the owner thereof until the present time, and is now in such possession and has such control; that about six years ago, and during the years 1876, 1877 and 1878, and other years, one J. F. English was in possession of said land, and held a bond for a deed of the same from the Central Branch Union Pacific Railroad Company, which was a corporation organized under the laws of the territory and state of Kansas, and was the owner of said land; that for the last ten years and more the defendant, J. M. Bell, has been the owner of the southwest quarter of section 8, town 4, range 17, in Brown county; that about the year 1878 said J. M. Bell set out hedge plants on the south half of the line between the west half of the southeast quarter and the southwest quarter of said section 8, for the purpose of growing the same into a hedge to make a partition fence between said two tracts of land; that after he had done so, and in the same year, he called on said J. F. English and stated to him that he had set out hedge on the south half of said line, and requested him, the said English, to set out hedge on the north half of said line between said two tracts of land; that in compliance with such request he (English) did immediately set out hedge on and along the north half of said line the whole distance thereof; that from that time on the said Bell cultivated and had the entire management of the hedge that he had set out as aforesaid, except as hereinafter stated, and from that time on the said English and the grantees of the Central Branch Union Pacific Railroad Company and these plaintiffs have had the management, cultivation and control of all that hedge set out by English, being the hedge on the north half of said line between said tracts; that the said Bell has never cultivated the hedge set out by English on the north end of said line, or any part thereof, or built or repaired any fence thereon, nor has he cultivated any hedge on the north half of said line whatever; that in about the year 1879 the west half of said southeast quarter was forfeited to the Central Branch Union Pacific Railroad Company, and that in about October of the

year 1879, the said John H. Robertson became the owner thereof as hereinbefore set forth; that he went into possession thereof on or about the 10th day of March, 1880; that in the month of March or April, 1880, after the said John H. Robertson had been in possession of the west half of the said southeast quarter about one month, the defendant came to said last-mentioned land and told him (John H. Robertson) that he (Bell) had made a contract with English while English was in possession of said land under his bond for a deed that he (Bell) should furnish the hedge plants to set out between said two tracts of land for the purpose of making a partition fence between said two tracts, and that English had agreed to set out and work and cultivate the same, and then that each should own one half of said fence, and stated that it had been some neglected the year before, but that he wanted him, the said John H. Robertson, to go on and replant said hedge where plants were missing and cultivate it that year, and that would complete said contract on the part of English, and that they would divide the line of fence equally between them; that this plaintiff, relying on the representations of Bell, and believing them to be true, agreed so to do, and under such agreement did replant such hedge where plants were missing along the whole line thereof between said tracts of land, and did cultivate the hedge fence along the whole line thereof, and did comply with said agreement on his part in all things; that thereupon, on the next day after Bell made said statement, being about April 10, 1880, the defendant and John H. Robertson, plaintiff herein, met on the line of said hedge and divided the same by mutual agreement, and it was then and there agreed that the south half of said fence, 80 rods, should be the fence of Bell, and the north half, 80 rods, should be the fence of John H. Robertson, plaintiff herein, being the same division that had been made before between Bell and English, and evidenced by a stake and stone midway north and south on said line.

"And further, these plaintiffs allege that on or about the 3d day of June, 1884, the said J. M. Bell, notwithstanding the facts above set forth, procured an award of the fence viewers of Mission township, Brown county, Kansas, being the same township in which all of said land lies, assigning and awarding to him, J. M. Bell, forty rods of the hedge partition fence between the southeast one-fourth of the southwest one-fourth of section 8, town 4, range 17, and the southwest one-fourth of the southeast one-fourth of section 8 aforesaid; and

to J. H. Robertson the south 40 rods of said partition fence, namely, so much of said 40 rods as is composed of hedge, and the remainder of the said 40 rods said John H. Robertson is to erect and maintain a lawful fence composed of such material as he may elect, the same to be kept up and maintained in good repair by the respective owners; also an award that John H. Robertson is to pay to J. M. Bell the sum of sixty cents per rod for the hedge fence comprised in the above-described south 40 rods of said partition fence, to be paid within thirty days from the 3d day of June, 1884, a copy of which award is hereto attached, marked 'A,' and made a part of this petition; which award was certified, signed and executed by P. R. Harmon, M. G. Ham, and Amos P. Carl, who were then the fence viewers of said Mission township; that said assignment and award was delivered to Bell by the fence viewers, and a duplicate thereof delivered to the plaintiff, John H. Robertson, on or about the 6th day of June, 1884, as their assignment to said Bell and the plaintiff in writing of their equal shares or parts of the partition fence to be by them kept up and maintained in good repair, and as their award of the amount that this plaintiff, John H. Robertson, should pay to J. M. Bell for having erected more than his share of said fence.

"And further, these plaintiffs allege that on the 14th day of July, 1884, the said fence viewers met again on the line of said fence, and proceeded to further consider said matter without having given any notice to either of these plaintiffs; and that neither of them knew of said last-named meeting until it was over; and that at said last-named meeting the fence viewers, without any notice to either of these plaintiffs, and without any knowledge on the part of these plaintiffs or either of them, proceeded to make an award, assignment, declaration or statement, and signed and certified the same as an amendment to or a part of their first award or assignment, and attached the same to their first award or assignment then in the hands of the defendant, and delivered the same to the defendant, J. M. Bell, as an assignment and award, a copy of which is hereto attached, marked 'B,' and made a part of this petition; and that on the 18th day of July, 1884, the defendant, J. M. Bell, caused the same to be and the same was recorded in the office of the register of deeds of Brown county, Kansas, in the 'fence record,' on pages 20 and 21, and the same does constitute an illegal incumbrance and cloud on the title of the said land of him, the said John H. Robertson.

"And further, these plaintiffs allege that at the first meeting

of the fence viewers John H. Robertson appeared, and claimed the matters and things hereinbefore set out, and offered evidence of a division of said fence as above set forth, and evidence of the agreement between himself and said Bell, and of all the matters and things hereinbefore set forth; and that the fence viewers refused to receive said evidence, or any evidence on any of the matters set up in this petition, or to make any finding thereon.

"Wherefore, plaintiffs pray that the two awards may be set aside and held for naught, and may be declared illegal and void; that the record thereof may be canceled and vacated; that the plaintiffs have a judgment decreeing and declaring that the defendant shall have and maintain the south half of said fence and that the plaintiffs shall have and maintain the north half of said fence between the west half of the southeast quarter of section 8 and the southwest quarter of section 8; and that these plaintiffs recover their costs in this action, and such other, further and different relief as to the court may seem just."

The exhibits "A" and "B" are as stated in the petition.

To this petition the defendant demurred, upon the following grounds, to wit:

"1. There is another action pending in this court between the same parties for the same cause.

"2. There is a manifest defect of parties plaintiff, in this, that Mrs. A. M. Robertson is not shown to have any interest in the subject of the action whatever, and is therefore improperly joined.

"3. The petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant."

At the September Term, 1884, the court below sustained this demurrer and rendered judgment in favor of the defendant and against the plaintiffs for costs. The plaintiffs bring the case to this court for review.

*W. D. Webb*, for plaintiffs in error.

*C. W. Johnson*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: We think the court below erred in sustaining the defendant's demurrer to the plaintiffs' petition. It does not appear upon the face of the petition, or elsewhere, that there was another action pending between the same parties for the same cause; nor does it appear that there was any defect of parties plaintiff; nor that the petition did not state facts sufficient to constitute a cause of action. The action is virtually a suit in equity to set aside an award of fence-viewers for a want of power in them, for irregularity in their proceedings, and for fraud on the part of the defendant. It appears from the petition, among other things, that the line of partition fence to be maintained by the parties was 160 rods in length, north and south; that the plaintiffs owned the land on the east side of this line, and the defendant owned the land on the west side thereof; that, by previous arrangements between the parties, the plaintiffs were to maintain the north 80 rods of the fence, and the defendant the south 80 rods thereof; that the plaintiffs had already expended a considerable amount of time, labor and money in keeping up and maintaining their portion of the fence; that while this arrangement between the parties was still existing and in force, the defendant procured the fence-viewers to make an award requiring the plaintiff John H. Robertson to also keep up and maintain the south 40 rods of the south 80 rods of fence, which 80 rods the defendant was by the previous arrangement to keep up and maintain, leaving the defendant to keep up and maintain only the north 40 rods of the south 80 rods of said fence. Now after the foregoing arrangement between the parties had been made, we think this attempt on the part of the defendant to require the plaintiff John H. Robertson to keep up and maintain an additional portion of the fence, making in the aggregate 120 rods out of the 160 rods of fence, by procuring the aforesaid award of the fence-viewers, was fraudulent and wrong, and the award of the fence-viewers for this reason should be set aside. Of course we know nothing of the

real facts of the case, except as they are stated in the plaintiffs' petition; and as they are there stated, we think the plaintiffs are entitled to the relief which they now pray for; or at least the plaintiff, John H. Robertson, is entitled to such relief; and Mrs. Robertson is a proper party to the action. The statute of frauds has no application to this case. This statute was not enacted to encourage fraud, *or to enable parties to commit fraud,* but was enacted *to prevent fraud.* Unless the plaintiffs can have the remedy which they now seek, they have no remedy; and to say that they have no remedy, is to cast reproach upon the administration of justice. They have no appeal and no petition in error, and no remedy more direct than the one which they have resorted to in this case. Indeed, they have no complete remedy unless they are permitted to maintain an action such as the present action is. Hence, we think they should be permitted to maintain this action.

The order and judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.